T.C. Memo. 2004-3

UNITED STATES TAX COURT

PERRY GOLDMAN AND SANDRA GOLDMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14639-02L.            Filed January 5, 2004.

Perry Goldman and Sandra Goldman, pro sese.

Leonard T. Provenzale, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  Respondent, in a motion filed on October 27, 2003, moved for summary judgment on the question of whether he may proceed with the collection process with respect to petitioners.  Respondent alleges that the section 6330 prerequisites have been met and that he should be allowed to proceed with collection of petitioners' assessed and outstanding

tax liabilities. Petitioners' objection to respondent's motion was presented at a hearing on December 1, 2003. Petitioners contend that there was an abuse of discretion because respondent's Appeals officer refused to discharge or release the Federal tax lien, notice of which has been filed, with respect to certain real property. Petitioners resided in Florida at the time they filed their petition.

Background

Petitioners' 1991, 1992, 1993, and 1994 income tax returns were examined, and respondent determined income tax deficiencies in each year. Petitioners petitioned this Court with respect to the 1991, 1992, and 1993 years and, eventually, entered into an agreed decision that was entered on July 16, 1998. With respect to the 1994 year, petitioners attempted to petition this Court, but the matter was dismissed for lack of jurisdiction. Based on these events, petitioners' 1991, 1992, 1993, and 1994 income tax deficiencies were assessed.

Respondent sent petitioners a Notice of Federal Tax Lien Filing And Your Right To A Hearing Under I.R.C. section 6320, dated March 27, 2002, advising that a Notice of Federal Tax Lien had been filed on March 22, 2002. Prior to the filing of the notice, petitioners submitted several offers-in-compromise with respect to doubt as to collectibility of the outstanding assessments. The offers were rejected because it was determined

that petitioners were able to pay the outstanding liabilities in full.

Petitioners' requested hearing under sections 6320 and 6330 was held on July 25, 2002, and, again, petitioners offered to compromise due to lack of collectibility. In a July 26, 2002, letter, respondent's Appeals officer rejected petitioners' offer on the grounds that petitioners were capable of payment in full. The Appeals officer's conclusion was based on information that petitioners had purchased real property in Fort Pierce, Florida, for $130,000 on August 10, 1999, and that the same property was quitclaimed to petitioners' son, Craig Goldman, on July 3, 2001, for $100.

Petitioners contend that the Fort Pierce realty was actually in their son's name as well as their own since the purchase in 1999. Petitioners further contend that respondent should have discharged or released the lien as it relates to that realty and accepted their offer to compromise.

Discussion

Respondent seeks summary judgment with respect to whether he may proceed to collect certain outstanding tax liabilities against petitioners. Rule 121 provides for summary judgment for part or all of the legal issues in controversy if there is no genuine issue as to any material fact. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th

Cir. 1994). In that regard, summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). There remains no genuine issue as to any material fact in this case.

Petitioners had the opportunity to contest the underlying merits of their 1991, 1992, 1993, and 1994 income tax deficiencies. Accordingly, our review is limited to the administrative determination for abuse of discretion. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610 (2000). Petitioners allege an abuse of discretion by respondent due to the fact that the Appeals officer rejected petitioners' $1,800 offer in compromise. That decision was made based on information available to respondent showing that petitioners owned real property in Fort Pierce, Florida, which was sufficient in value to satisfy all outstanding tax liabilities.

Petitioners contend, in effect, that their son was the true owner of the Fort Pierce realty and that, in some manner, petitioners were nominees and not true owners. Petitioners, however, provided no evidence to respondent to verify or substantiate their contention. Conversely, respondent provided evidence to petitioners showing that they were the sole owners of the subject realty at the time the Government's assessments were made and the Federal tax lien arose. Under the circumstances, petitioners have not shown an abuse of discretion by respondent

in refusing to accept their offer-in-compromise.  In addition,
respondent has, in all other respects, complied with the
requirements of sections 6320 and 6330 so as to be entitled to
proceed with collection of petitioners' outstanding tax
liabilities for 1991, 1992, 1993, and 1994.

To reflect the foregoing,

<u>An appropriate order and
decision will be entered granting
respondent's motion for summary
judgment.</u>